UNITED STATES of America, Plaintiff,

v.

**Steven WOLVIN, Defendant.**

No. 04–CR–094–C–01.

United States District Court, W.D. Wisconsin.

Sept. 22, 2004.

David Reinhard, for Plaintiff.

Peter A. Bartelt, Peter A. Bartelt, LLC., Stoughton, WI, for Defendant.

## ORDER

CRABB, Chief Judge.

A hearing on the revocation of Steven Wolvin's supervised release was held in this case on September 22, 2004, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Peter Jarosz. Defendant was present in person and by counsel, Peter Bartelt. Also present was United States Probation Officer Michael D. Harper.

From the record and testimony provided, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Eastern District of Wisconsin on July 24, 2002, following his conviction for felon in possession of ammunition, in violation of 18 U.S.C. § 922(g), a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a 27–month term of imprisonment with 36 months of supervised release to follow. Further, defendant was ordered to pay a $1,000 fine.

Among other special conditions of supervised release, defendant was required to abstain from alcohol and illegal drug use and participate in a program of alcohol and drug counseling and testing. Defendant began his 36–month term of supervised release on July 1, 2003. Jurisdiction was transferred to this district on June 15, 2004.

Defendant has violated special condition # 2, requiring him to abstain from the use of all alcoholic beverages. On December 9, 2003, defendant admitted to his probation officer he had been consuming alcoholic beverages since October 2003, despite knowing that his sentencing order prohibits the use of alcohol. On January 2, 2004, defendant was taken to an emergency ward by family members because of problems from drinking. A breath test was administered and defendant scored .10 percent breath-alcohol. On March 1, 2004, defendant was given a breath test by a staff member at Attic Correctional Services that scored .036 percent breath alcohol. On April 23, 2004, defendant admitted to his probation officer that he had been drinking the previous day when his probation officer attempted to conduct a home visit and access was denied.

Defendant's conduct falls into the category of a Grade C violation, as defined by § 7B1.1(a)(3)(B) of the sentencing guidelines policy statement for violations of supervised release. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant has continued to use alcohol and consistently thwarted rehabilitative attempts to correct the problems in his life. Although defendant admits that he is an alcoholic, he is unwilling to address his addiction. Instead, he has deceived himself by believing he can control his drinking. The violations before the court and the defendant's attitude toward treatment lead me to conclude that defendant cannot control his drinking in a community setting. No resources in the community can address defendant's numerous problems and return him to compliance with his supervised release conditions. Accordingly, the three-year term of supervised release imposed on July 24, 2002, will be revoked.

Defendant's original criminal history category was IV. A Grade C violation and a criminal history category IV result in a guideline range of 6–12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements in Chapter 7 of the sentencing guidelines, I have decided to impose a sentence above the guidelines. The defendant is in need of intensive inpatient substance abuse treatment and mental health counseling that can be provided best by the Bureau of Prisons 500–hour Residential Drug Treatment Program. This sentence will provide an opportunity for defendant to receive the full benefits of the Bureau of Prisons 500–hour program and mental health treatment and impress upon him the need to comply with the rules of his supervision.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 24, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 18 months. I recommend that defendant serve the last ten percent of his sentence in a federally approved community corrections center with work release privileges. An 18–month period of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. The previously imposed fine of $1,000 is affirmed and all conditions of supervised release imposed originally on July 24, 2002, remain in effect. Defendant can make fine payments during his incarceration through the Bureau of Prisons Financial Responsibility Program.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

The term of imprisonment is to commence immediately.